# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DUKES, | Case No. 1:18-cv-01157-SAB-HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE FEDERAL HABEAS CLAIM |
| v. | |
| N. WALKSON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact

or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit recently adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

The instant petition is difficult to read and comprehend. To the extent the Court is able to decipher the petition, Petitioner appears to challenge various conditions of confinement. For instance, Petitioner mentions issues regarding responses to CDCR form 22 interview requests, the canteen, his trust account, stolen personal property, cell assignments, and food. (ECF No. 1 at 4–17).[1] The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933 (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Accordingly, Petitioner will be required to show cause why the Court has habeas jurisdiction over this matter.

## II.
## ORDER

Accordingly, within **THIRTY (30) days** from the date of service of this order, Petitioner SHALL show cause why the petition should not be dismissed for failure to state a cognizable federal habeas claim.

IT IS SO ORDERED.

Dated: **August 28, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2