# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DUKES, | Case No. 1:18-cv-01157-LJO-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| N. WALKSON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner initially filed the instant petition for writ of habeas corpus in the United States Court of Appeals for the Ninth Circuit, which transferred the petition to this district on July 26, 2018. (ECF No. 1). On August 27, 2018, the Sacramento Division of the United States District Court for the Eastern District of California transferred the petition to the Fresno Division. (ECF No. 4). On August 29, 2018, the undersigned ordered Petitioner to show cause why the petition should not be dismissed for failure to state a cognizable federal habeas claim. (ECF No. 7). To date, Petitioner has failed to file a response, and the time for doing so has passed.[1]

---

[1] The order to show cause was returned as undeliverable because Petitioner refused delivery.

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of the Constitution or other federal laws." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000) ("Habeas corpus proceedings are available only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2254(a)). A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

The instant petition is difficult to read and comprehend. To the extent the Court is able to decipher the petition, Petitioner appears to challenge various conditions of confinement. For instance, Petitioner mentions issues regarding responses to CDCR form 22 interview requests, the canteen, his trust account, stolen personal property, cell assignments, and food. (ECF No. 1 at 4–17).[2] The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933 (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Accordingly, the petition should be dismissed. This conclusion,

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

however, does not preclude Petitioner from pursuing his claims in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 2, 2018**__

_____

UNITED STATES MAGISTRATE JUDGE